Date signed October 12, 2006



**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FORT THE DISTRICT OF MARYLAND

In re:

| | | |
|---|---|---|
| RAVENWOOD HEALTHCARE, INC., | * | Chapter 11 |
| Debtor in Possession | * | Case No. 02-5-9516-JS |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| RAVENWOOD HEALTHCARE, INC., | * | |
| Plaintiff | * | |
| v. | * | Adv. Pro. No. 04-1383-JS |
| STATE OF MARYLAND, DEPT. OF HEALTH AND MENTAL HYGIENE, | * | |
| | * | |
| Defendant | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

***MEMORANDUM OPINION DENYING THE MOTION OF THE STATE OF MARYLAND TO DISMISS, BUT DISMISSING THE COMPLAINT BY GRANTING SUMMARY JUDGMENT TO THE STATE OF MARYLAND***

Before the Court is the complaint filed by the debtor in possession, Ravenwood Healthcare, Inc. ("Ravenwood"), for injunctive relief[1] and turnover of property of the estate against the State of Maryland, Department of Health and Mental Hygiene ("the State"), together with the motion of the State to dismiss and cross motions for summary judgment. For the reasons stated, the motion to dismiss will be denied but the complaint will be dismissed by the granting of the motion of the State for summary judgment.

**_FINDINGS OF FACT_**

Ravenwood is a non-profit corporation that owns and operates a comprehensive care nursing facility located at 501 West Franklin Street in Baltimore City that provides 24-hour in-patient care to the elderly patients and other patients who are either HIV-positive or are afflicted with AIDS. Because a majority of these patients are indigent or have neither private insurance nor the wherewithal to pay the cost of long-term health services, Ravenwood depends upon Medicaid reimbursements through the State of Maryland for its economic existence.[2]

---

[1] On April 26, 2004, Ravenwood filed a line [P. 7] by which it withdrew its request for preliminary injunctive relief.

[2] Medicaid is a Federal program that is administered by the State and is funded by the Federal and State governments. 42 U.S.C. § 1396a (2); COMAR 10.09.10, *et seq.* Ravenwood submits annual reports to the State that detail amounts expended for patient care and services. Compensation is then made to Ravenwood by the State

2

On June 13, 2002, Ravenwood filed a Chapter 11 bankruptcy petition in this Court. On March 30, 2004, it filed the instant complaint against the State of Maryland, Department of Health and Mental Hygiene, pursuant to Sections 541, 542 and 550 of the Bankruptcy Code to recover the sum of $ 971,400.[3] The amount is alleged to represent sums due Ravenwood for fiscal year ending June 30, 2003, the amount having been determined by Clifton Gunderson, an accounting firm employed by the State as its Medicaid audit agent. The complaint stated that the monies were property of the bankruptcy estate and were wrongfully deducted from Medicaid payments owed to Ravenwood and withheld by the State as a recoupment of amounts that Ravenwood owed the State.

The State filed an answer to the complaint [P. 8], and a motion to dismiss [P. 38], both on the ground that the suit is barred by the doctrine of sovereign immunity

---

based upon a reimbursement formula. 42 U.S.C. § 1396a (2); COMAR 10.09.10.09. In order for Ravenwood to operate effectively, Ravenwood is permitted to submit interim reports during the year. 42 U.S.C. § 1396a (2); COMAR 10.09.10.09. In return, the State supplies a portion of the Medicaid reimbursement. 42 U.S.C. § 1396a (2); COMAR 10.09.10.09. At the end of each year, advances by the State based upon such interim reports are reconciled. 42 U.S.C. § 1396a (2); COMAR 10.09.10.07.

[3]Since argument was heard on the complaint, the State paid to the debtor the sum of $ 495,097.20, leaving in dispute $ 476,312.80.

3

as embodied in the Eleventh Amendment to the U.S. Constitution.[4]  The State also filed a motion for summary judgment [P. 37] on the ground that it was lawfully entitled to withhold funds from the debtor as recoupment for overpayments under the terms of the Medicaid program.  Additionally, the State claimed that Ravenwood had miscalculated the amount due, that Ravenwood had not exhausted its administrative and State law remedies, and also denied that the State owed any amount to the debtor. Ravenwood filed its own motion for summary judgment [P. 40].

## CONCLUSIONS OF LAW

## THE DOCTRINE OF SOVEREIGN IMMUNITY

The instant suit is not barred by the doctrine of sovereign immunity.  Earlier this year, the Supreme Court held in the case of *Central Virginia Community College v. Katz*, ___ U.S. ___, 126 S.Ct. 990, 163 L. Ed.2d 945 (2006), that the Eleventh Amendment was not a bar to a suit brought by a bankruptcy trustee against a State

---

[4]The Eleventh Amendment to the U.S. Constitution provides as follows:

The  judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amendment XI.

instrumentality to recover an alleged preferential transfer.[5]  The instant suit is premised upon a traditional bankruptcy cause of action, *to wit*, the turnover and recovery of property of the debtor's bankruptcy estate.

This Court need not address the debtor's allegation that the State has tacitly consented to the subject matter jurisdiction of the bankruptcy court by its filing of a proof of claim and by answering the complaint.  *Cf. Schlossberg v. Maryland (In re Creative Goldsmiths of Washington, D.C., Inc.),* 119 F.3d 1140 (4th Cir. 1997), *cert. denied,* 523 U.S. 1075 (1998).  In *Creative Goldsmiths*, the Fourth Circuit held that the filing of an answer by the State to a trustee's complaint to recover an alleged preference did not amount to a waiver of sovereign immunity nor a consent to the subject matter jurisdiction of the bankruptcy court, and that the defense could be raised by the State for the first time on appeal after it had filed an answer to the complaint and failed to raise the defense on a first-tier appeal to the U.S. District Court.  The opinion further held unconstitutional Section 106 of the Bankruptcy Code as it purported to abrogate State sovereign immunity.  When the Supreme Court decided *Central Virginia Community College v. Katz, supra,* it held that Section 106 was superfluous because in ratifying the Constitution, the States ceded their sovereign

---

[5]For all practical purposes, a Chapter 11 debtor in possession enjoys the same status and powers as a trustee in bankruptcy.  11 U.S.C. § 1107.

immunity to the plenary power of Congress to enact uniform bankruptcy laws, set forth in Article I, Section 8, clause 3.

When ruling on a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6),[6] the Court accepts as true all well-pleaded allegations in the

---

[6]Federal Rule of Civil Procedure 12(b) provides, as follows:

**Rule 12. Defenses and Objections --When and How Presented – By Pleading or Motion --Motion for Judgment on Pleadings.**

(b) How Presented.  Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19.  A motion making any of these defenses shall be made before pleading if a further pleading is permitted.  No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.  If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief.  If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b).

6

complaint, including all reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff. *Logan v. Becker (In re Inner City Management, Inc.)*, 304 B.R. 250, 253 (Bankr. D. Md. 2003), *rev'd on other grounds, sub. nom In re Bogdan*, 414 F.3d 507 (4th Cir. 2005), *cert. denied, sub. nom. Stewart Title Guar. Co. v. Logan*, ___ U.S. ___, 126 S. Ct. 1052, 163 L. Ed.2d 859 (2006); *Liebmann v. French (In re French)*, 303 B.R. 774, 777 (Bankr. D. Md. 2003), *aff'd*, 320 B.R. 78 (D. Md. 2004), 440 F.3d 145 (4th Cir. 2006); *Hemelt v. Pontier (In re Pontier)*, 165 B.R. 797, 798-99 (Bankr. D. Md. 1994). According to this standard, the motion of the State to dismiss the complaint will be denied.

**SUMMARY JUDGMENT WILL BE GRANTED TO THE STATE**

The State of Maryland is entitled to summary judgment because (1) this Court finds that there is no dispute as to any material fact, and that (2) as a matter of law, pursuant to the Medicaid program, the State of Maryland is entitled to withhold funds payable to the debtor during the pendency of the bankruptcy case as recoupment for overpayments, without violating the automatic stay and without the necessity of filing an adversary proceeding against the debtor for recoupment.

"Recoupment is 'narrowly construed' in bankruptcy cases because it violates the basic bankruptcy principle of equal distribution to creditors." *Conoco, Inc. v. Styler (In re Peterson Distributing, Inc.)*, 82 F.3d 956, 959 (10th Cir. 1996), *quoted*

7

*in In re Adamic*, 291 B.R. 175, 182 (Bankr. D. Colo. 2003). However, recoupment of overpayments by governments in the context of Medicare or Medicaid programs has been allowed in bankruptcy under the concept that the contract under which recoupment was had was a "single transaction." *See In re District Memorial Hospital of Southwestern North Carolina, Inc.*, 297 B.R. 451 (Bankr. W.D. N.C. 2002) (distinctive Medicare and Medicaid systems of estimated payments and later adjustments qualified as "single transaction" for recoupment purposes); *Sims v. Dep't of Health & Human Servs. (In re TLC Hospitals, Inc.)*, 224 F.3d 1008, 1012 (9th Cir. 2000) (concluding that "under this specialized and continuous system of estimated payments and subsequent adjustments, HHS's overpayments and its underpayments in a subsequent fiscal year were parts of the same transaction for purposes of recoupment."); *United States v. Consumer Health Services of America, Inc.*, 108 F.3d 390, 392-393 (D.C. Cir.1997) (prior overpayments that provider received were part of "same transaction" for equitable recoupment purposes, as provider's claim against government for medical services it provided during its Chapter 11 case.). "These cases characterize the reimbursement system between Medicare and the provider as a single transaction, because the particularities of the Medicare statutes create a 'specialized and continuous system of estimated payments and subsequent adjustments.'" *Slater Health Center, Inc. v. United States (In re Slater Health Center,*

8

*Inc.)*, 294 B.R. 423, 429 (Bankr. D. R.I. 2003), *vacated in part*, 306 B.R. 20 (D. R.I. 2004, *aff'd*, 398 F.3d 98 (1st Cir. 2005), *quoting Sims*, 224 F.3d at 1012. *See also Powell v. FELRA (In re Powell)*, 284 B.R. 573 (Bankr. D. Md. 2002) (recognizing that a creditor "is not required to seek judicial approval prior to recoupment because the 'right of recoupment does not constitute a debt which is dischargeable.'")

WHEREFORE, the motion of the State of Maryland for summary judgment will be granted and the instant complaint will be dismissed.

ORDER ACCORDINGLY.

**END OF OPINION**

cc:   Joel I. Sher, Esquire
      Kimberly Manchester Stoker, Esquire
      Paul V. Danielson, Esquire
      Shapiro Sher Guinot & Sandler
      36 S. Charles Street
      Suite 2000
      Baltimore, Maryland  21201
      Counsel to the Debtor

      Elizabeth Mary Kameen, Esquire
      Louis C. Cashiola, Esquire
      300 W. Preston Street
      Suite 302
      Baltimore, Maryland  21201

      Paul Jennings Ballard. Esquire
      Maryland Department of Health & Mental Hygiene
      55 Wade Avenue
      Catonsville, Maryland  21228

      Counsel to the State of Maryland

      Mark A. Neal, Esquire
      Assistant U.S. Trustee
      U.S. Courthouse, Room 2625
      101 W. Lombard Street
      Baltimore, Maryland  21201